■ Novitt & Sahr et al., Appellants, v Robert Steinberg et al., Defendants, and Weinstein, Chayt & Chase, P.C., Respondent. [780 NYS2d 757]—

In an action, inter alia, to recover legal fees, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated June 24, 2003, as imposed a sanction against them in the sum of $1,500 payable to the defendant Weinstein, Chayt & Chase, P.C., as expenses incurred in defending the action as a result of the plaintiffs' failure to comply with a prior order of the same court dated March 28, 2002.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal from the order dated June 24, 2003, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated June 24, 2003, is affirmed insofar as appealed from, with costs.

The defendant Robert Steinberg left the law firm of the plaintiff Novitt & Sahr to join the law firm of the defendant Malone, Tauber and Sohn, P.C. (hereinafter the defendant firm),

and transferred several personal injury cases he had handled with the plaintiffs to the defendant firm. The defendant firm then transferred certain medical malpractice and lead paint cases that were previously handled by the plaintiffs to the law firm of Weinstein, Chayt & Chase, P.C. (hereinafter the respondent firm).

After the plaintiffs commenced this action, inter alia, to recover legal fees allegedly due and owing, the respondent firm cross-moved, among other things, to direct the plaintiffs to accept the return of all malpractice and lead paint cases in its possession. Counsel for the respondent firm maintained in the cross motion that the plaintiffs failed to forward the necessary substitution of counsel forms, and that the plaintiffs remained the attorneys of record on the files that were in its possession.

By order dated March 28, 2002, the Supreme Court, inter alia, dismissed the respondent firm as a defendant and directed the plaintiffs to immediately furnish to the respondent firm all necessary documentation to protect the interests of the clients whose cases were transferred to the firm. Further, the order provided that a sanction would be imposed against any attorney who failed to fully cooperate in protecting the interests of the clients who were now served by the respondent firm.

In April 2002 the respondent firm moved, inter alia, to require the plaintiffs to accept the return of the medical malpractice and lead paint cases, and for costs and sanctions after the plaintiffs failed to comply with the directive set forth in the order dated March 28, 2002. The plaintiffs finally provided the necessary documentation to the respondent firm on the morning of the hearing scheduled for June 26, 2002, on the motion. After the hearing, the Supreme Court, on the record, imposed a sanction in the sum of $1,500 against the plaintiffs payable to the respondent firm based on the plaintiffs' failure to comply with the order dated March 28, 2002, and for expenses incurred in defending the action.

Under the circumstances, the Supreme Court providently exercised its discretion in imposing a sanction against the plaintiffs since the plaintiffs engaged in frivolous conduct proscribed by 22 NYCRR 130-1.1.

The parties' remaining contentions are without merit. Prudenti, P.J., Ritter, Cozier and Skelos, JJ., concur.